kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN LEE, et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 09-2191-JAR |
| CLK MANAGEMENT, L.L.C. and ) | |
| AMG SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant CLK Management, L.L.C.'s ("CLK") Motion to Dismiss for Insufficiency of Service (Doc. 10). The Court has reviewed the motion and is ready to rule. For the reasons detailed below, defendant's motion is denied, service is quashed and plaintiff is granted until August 13, 2009 to effect proper service.

## Background

Plaintiffs Steven Lee, Bethany Lee, and Joshua Kendall brought this action against defendants CLK and AMG Services, Incorporated ("AMG") claiming that defendants violated the Fair Labor Standards Act ("FLSA"). Defendant CLK claims that plaintiffs failed to properly serve process upon CLK because they did not serve the registered agent; rather they served a receptionist at the office of the registered agent. According to CLK, the receptionist was not permitted to accept service on behalf of the registered agent, therefore, service was improper and the Court lacks jurisdiction.

Counsel for plaintiffs have filed affidavits in support of plaintiffs' position, making them factual witnesses and advocates. Defendant contests the factual contentions made by plaintiffs'

attorneys and asks the Court to strike their affidavits in support of their position pursuant to the Kansas Rules of Professional Conduct ("KRPC") or give their affidavits little weight. Rule 3.7 of the KRPC provides that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." As the Rule's purpose is to prevent jury confusion where a lawyer acts in the dual roles of witness and advocate at trial, it is generally not applicable to pre-trial stages; but, it becomes important at some pre-trial stages where the activity is likely to come to light at trial and reveal the dual role of the attorneys.[1]

Based on a plain reading of the statute, the Rule appears inapplicable. The case is currently not at the trial stage nor will issues of service of process be in dispute at trial and require plaintiffs' attorneys to testify. Accordingly, the Court finds it inappropriate to strike the attorneys' affidavits in support of their clients' position.

Moving on to the applicable standards, the Court may dismiss a complaint for insufficient service of process in accordance with Fed. R. Civ. P. 12(b)(5). Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service.[2] The burden is on plaintiff to make a prima facie showing that it satisfied the statutory and due process demands for the Court to exercise jurisdiction.[3] Although the parties may submit affidavits in support of a motion to dismiss for insufficiency of service of process, the Court must give plaintiff the benefit of any factual doubt where they are contested.[4] Following that

---

[1] *Am. Plastic Equip., Inc. v. Toytrackerz*, L.L.C., No. 07-2253, 2009 WL 902424, at *6 (D. Kan. Mar. 31, 2009).

[2] *Pope v. Boy Scouts of America*, No. 06-2130, 2006 WL 3199423, at * 1 (D. Kan. Nov. 3, 2006).

[3] *Id.*

[4] *Id.*

2

standard, the Court finds the following facts relevant to this discussion.[5]

Clifford A. Cohen, an attorney at Cohen, McNeile and Pappas, P.C. is the registered agent of CLK. On April 15, 2009, plaintiffs' counsel went to Cohen's office to serve the summons and complaint. When counsel arrived, Cohen was not available. Cohen's receptionist was not permitted to accept service of process on behalf of Cohen, nor was any other person in the office. Nonetheless, the documents were left in the care of the receptionist. The receptionist was not told what the documents were nor did any one in the office know that it was plaintiffs' counsel who delivered the documents. The receptionist did not inform plaintiffs' counsel that Cohen had authorized him to accept service of process and no one signed for service of process. There was no indication that counsel was attempting to serve Cohen with process for the pending action.

## Discussion

Plaintiffs argue that they have substantially complied with the federal rules governing service of process, thus, defendant's motion should fail. Under Fed. R. Civ. P. 4(h)(1)(A), a corporation may be served in manner prescribed by Fed. R. Civ. P. 4(e)(1). Rule 4(e)(1) provides that service may be completed by following the state law for serving a summons.

Under Kansas law, a corporation may be served "(1) by serving an officer, manager, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service of process. . .

---

[5]Because the Court has struck plaintiffs' attorneys' affidavits filed in support of their position, there remains no contested issues. All facts of defendant are accepted for purposes of this motion.

."[6] Notwithstanding that provision, Kansas permits service through substantial compliance pursuant to K.S.A. § 60-204, which provides that "substantial compliance therewith shall effect valid service of process if the court finds that . . . the party served was made aware that an action or proceeding was pending. . . ."

Kansas Courts distill § 60-204 to require a party with the burden to demonstrate substantial compliance with some statutory method of service and to show that the opposing party was aware of the action.[7] Citing to *Sellens v. Telephone Credit Union*,[8] plaintiffs argue that they have complied with Kansas law as to service of process. In *Sellens*, a summons and a copy of the complaint were delivered to a secretary at the entrance of the Telephone Credit Union.[9] The secretary verified that she was authorized to accept service of process and signed a return of service for the summons.[10] Judge Marten reasoned that because the summons and complaint were left with someone who appeared to have charge of the office, plaintiff had substantially complied with service of process under Kansas law.[11]

This case is different. Although the documents were left with someone at Cohen's office, there was no indication that the receptionist was empowered to accept service of process. Indeed, the only person that could accept service of process on behalf of CLK was Cohen and he was not at the office when the documents were delivered. The receptionist did not hold himself

---

[6] K.S.A. § 60-304(e).

[7] *Pope*, 2006 WL 3199423, at * 2 (citing *Briscoe v. Getto*, 462 P.2d 127, 129 (Kan. 1969)).

[8] 189 F.R.D. 461 (D. Kan. 1999).

[9] *Id*. at 463.

[10] *Id.*

[11] *Id*. at 465.

out as one with authority to accept service of process nor did any one else in the office. Accordingly, the Court cannot conclude that plaintiffs substantially complied with Kansas procedural rules for service of process. Thus, regardless of whether defendant eventually learned of the action, service was deficient.

Plaintiffs cite to *Pope* for support that they substantially complied under Kansas law. In that case, plaintiff served the secretary of the registered agent for service of process for the wrong company.[12] The process server did not ask the secretary if she was authorized to accept service nor did he obtain the secretary's signature.[13] The Court, in concluding that plaintiff did not substantially comply with the rules for service of process on the Boy Scouts of America, found that serving Quivira Council, a different entity, could not be substantial compliance where plaintiff did not even serve the right party.[14] The court, however, suggested that if Quivira Council was the defendant in the action, there may have been substantial compliance with service of process.[15]

Plaintiff cites this language in support of its conclusion that service by merely dropping off documents with someone at the office of the registered agent is a proper manner to serve process or is in substantial compliance under § 60-204. Taking this notion to its logical conclusion, there would be no need for § 60-304(e) if merely dropping off papers at the place of the registered agent, without a signature or any person purporting to have authority to accept

---

[12]*Pope*, 2006 WL 3199423, at * 1.

[13]*Id*.

[14]*Id*. at *2.

[15]*Id.*

5

service, was enough to substantially comply under § 60-204.  Accordingly, the Court concludes that plaintiffs have not substantially complied with the Kansas rules governing service of process.

Plaintiffs further argue that defendant entered an appearance in the case and as such, waived any objection to insufficient service.  Specifically, plaintiffs argue that because defendant sought and received a clerk's order of extension to file an answer, reply, or other responsive pleading, defendant entered an appearance.  But this Court cannot find such a waiver, for the order granting the extension states "[d]efendant CLK Management, LLC expressly reserves its right to assert any and all defenses in this matter, including but not limited to, lack of subject matter jurisdiction; and having received such extension, CLK filed the instant motion to dismiss for insufficiency of service of process.[16]

For these reasons defendant CLK's motion to dismiss is denied.  Because  plaintiffs' insufficient service is easily cured, plaintiffs are granted until August 13, 2009, to effectuate proper service of process.[17]

**IT IS THEREFORE ORDERED THAT** defendant's Motion to Dismiss for Insufficiency of Service (Doc. 10) is **DENIED.**

**IT IS FURTHER ORDERED THAT** plaintiffs **shall effect proper service** upon defendants on or before **August 13, 2009.**

**IT IS SO ORDERED.**

---

[16] *See* Fed.R.Civ.P. 12(h)(1).

[17] *Pope*, 2006 WL 3199423, at * 3 (citing *Gregory v. U.S. Bankr. Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)).

**Dated:  July 7, 2009**

 **S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**